IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHAPARRAL ENERGY, L.L.C.,            )
                                     )
                Plaintiff,           )
                                     )
v.                                   )          Case No. CIV-12-929-D
                                     )
NATIONAL OILWELL VARCO, L.P.;        )
AMERON INTERNATIONAL CORP.;          )
CENTRON INTERNATIONAL INC.,          )
                                     )
                Defendants.          )

## O R D E R

Upon review of the Complaint, the Court finds insufficient factual allegations to establish

subject matter jurisdiction, which is presumably based on diversity of citizenship under 28 U.S.C.

§ 1332(a).[1]

Plaintiff Chaparral Energy, L.L.C. identifies itself as a limited liability company and states

that Defendant National Oilwell Varco, L.P. ("NOV") is a limited partnership.  However, the

Complaint alleges only the states in which these parties were organized and maintain their principal

places of business.  These allegations would establish citizenship under 28 U.S.C. § 1332(c)(1).

However, this provision does not apply to a limited partnership.  *See Carden v. Arkoma Assocs.*, 494

U.S. 185, 195-96 (1990).  Also, federal appellate courts have unanimously held that a limited

liability company is not to be treated like a corporation under § 1332(c)(1), but like a limited

partnership or unincorporated association under *Carden. See Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 420 (3d Cir. 2010); *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  *Image Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006).

2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

The Complaint does not provide information concerning the citizenship of Plaintiff's members or Defendant NOV's partners and, thus, does not allege the citizenship of these parties. Accordingly, the Complaint does not show complete diversity of citizenship, and does not establish a basis for the exercise of federal jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff shall file an amended complaint to adequately allege the existence of diversity jurisdiction not later than September 7, 2012.

IT IS SO ORDERED this 29th day of August, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE